UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| AMBERLEE HARMON,<br><br>    Plaintiff,<br><br>  v.<br><br>NEW YORK LIFE INSURANCE AND ANNUITY CORPORATION,<br><br>    Defendant/Third-Party Plaintiff,<br><br><br>THOMAS E. MILLIER; DEANNA ASBELL; and TRACEY HARPER,<br><br>    Third-Party Defendants. | CASE NO. C11-5481BHS<br><br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION |

This matter comes before the Court on Defendant/Third-Party Plaintiff New York Life Insurance and Annuity Corporation's ("NYL") motion for leave to deposit funds and for fees and expenses (Dkt. 26). The Court has reviewed the briefs filed in support of and in opposition to the motion and the remainder of the file and hereby grants in part and denies in part the motion for the reasons stated herein.

**I. PROCEDURAL HISTORY**

On June 6, 2011, Plaintiff Amberlee Harmon ("Harmon") filed a complaint against NYL in the Superior Court of Washington, in and for Kitsap County. Dkt. 2, Declaration of Tim Wacherbarth, Exh. A. Harmon alleges that she is the beneficiary of an annuity held by NYL and that NYL has failed to pay her claim for the proceeds of that annuity. *Id*.

ORDER - 1

On June 22, 2011, NYL removed the matter to this Court. Dkt. 1. On July 12, 2011, NYL answered the complaint and filed a Third-Party Complaint against Third-Party Defendants Tracy Harper, Deanna Asbell, and Thomas E. Millier. Dkt. 9.

On November 22, 2011, NYL filed the motion for leave to deposit funds and for fees and expenses. Dkt. 26. On December 1, 2011, Harmon responded. Dkt. 29. Third-Party Plaintiffs did not respond. On December 9, 2011, NYL replied. Dkt. 30.

## II. FACTUAL BACKGROUND

On August 16, 2005, NYL issued lifetime income annuity policy number 75600744 (the "Annuity") to Gary B. Millier. The Annuity was issued with a premium amount of $151,076.81. Mr. Millier named Harmon, and third-party defendants, Thomas E. Millier, Deanna Asbell and Tracy Harper, as co-beneficiaries with equal 25% shares of the proceeds under the Annuity.

On October 2, 2006, NYL received a request to change Mr. Millier's address to Harmon's home address and to also update the beneficiaries listed on the subject Annuity to make Harmon the sole and 100% beneficiary. NYL informed Mr. Millier that it was unable to honor the request, as the signature of the address and beneficiary change request did not match the signature on Mr. Millier's application for Annuity and the driver's license NYL had on record.

On December 14, 2009, Mr. Millier died. NYL continued to issue monthly annuity checks to Mr. Millier at the address listed in NYL's records. For approximately one year, those annuity checks were endorsed and cashed by someone purporting to be Mr. Millier.

Harmon claims that on December 7, 2010, her attorney sent a letter to NYL requesting the proceeds of the Annuity as the sole beneficiary. Harmon asserts that NYL did not respond. Harmon's attorney subsequently sent two more letters requesting a

disbursement of the proceeds.  NYL failed to respond to the letters and Harmon filed the action in state court.

NYL claims that the beneficiaries were not properly changed by Mr. Millier and that the other beneficiaries, the Third-Party Defendants, have not made officials claims for their portion of the proceeds.

## III.  DISCUSSION

**A.     Motion to Deposit Funds**

As a threshold matter, the Court may consider a party's failure to respond to a motion as an admission that the motion has merit.  Local Rule CR 7(b)(2).  In this case, no party responded to NYL's motion to deposit the funds of the Annuity into the Court's registry.  Harmon asserted that it would be just as easy to disperse the funds to the beneficiaries, but did not object to NYL's desire to deposit the funds with the Court. Therefore, the Court will consider the parties' failure to respond as an admission that NYL's motion has merit.

If the relief sought is the disposition of a sum of money, a party, on notice to every other party and by leave of court, may deposit with the court that particular sum of money.  Fed. R. Civ. P. 67(a).  In this case, Harmon seeks, in part, the proceeds of the Annuity and NYL has given notice to every party in the action of its intent to deposit the funds with the Court.  Therefore, with no objection being filed, the Court grants NYL leave to deposit the proceeds of the Annuity with the Court.  NYL claims that the proceeds amount to $71,705.22 plus interest.  Dkt. 26 at 4.

**B.     Motion for Fees and Costs**

A district court may award attorney's fees and costs to a plaintiff-in-interpleader. *Schirmer Stevedoring Co. Ltd. v. Seaboard Stevedoring Corp.*, 306 F.2d 188, 193 (9th Cir.1962).  Whether to award fees and costs is within the discretion of the district court.

*San Rafael Compania Naviera, S.A. v. Am. Smelting & Refining Co.*, 327 F.2d 581, 587 (9th Cir. 1964).

In this case, NYL requests that the Court award it attorney's fees and costs that it has incurred in the prosecution of this action. Dkt. 26 at 4-6. NYL, however, has failed to persuade the Court that this action was necessary in the first place. Harmon asserts that she made multiple requests for the Annuity proceeds over the course of several months with no response from NYL. Only then, she asserts, was she forced to file an action for the proceeds as well as for violations of Washington's Insurance Fair Conduct Act and related regulations. Moreover, while there may have originally been a dispute as to the proper beneficiaries, the parties are now in agreement as to the proper beneficiaries and the proper disbursement. The Court is not persuaded that NYL feared multiple lawsuits when it failed to promptly respond to a claimant and when the beneficiaries are in agreement as to the relevant aspects of the situation. Therefore, the Court denies NYL's motion for attorney's fees and costs.

## IV.  ORDER

Therefore, it is hereby **ORDERED** that NYL's motion for leave to deposit funds and for fees and expenses (Dkt. 26) is **GRANTED in part** and **DENIED in part** as stated herein.

DATED this 19th day of December, 2011.

BENJAMIN H. SETTLE
United States District Judge